UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS RAMOS, | | CASE NO. 1:11-cv-00359-GBC (PC) |
| | Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | | |
| EDGAR, et al., | | (ECF No. 1) |
| | Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Jesus Ramos ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 7, 2011 and consented to Magistrate Judge jurisdiction on March 10, 2011. (ECF Nos. 1 & 9.) No other parties have appeared.

Plaintiff's Complaint is now before this Court for screening. For the reasons stated below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

1

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff brings this action for violations of the Eighth Amendment. Plaintiff names Correctional Officer Edgar and Sohail Afra, M.D. as Defendants.

Plaintiff alleges as follows: While conducting a random search in a dormitory,

2

Defendant Edgar tilted a locker to look underneath it. The locker fell over and hit Plaintiff in the lower spine causing Plaintiff great pain. Defendant Edgar failed to contact the medical department.

On February 10, 2009, Plaintiff was unable to lift himself out of bed, so he was allowed to go to the medical department. Defendant Afra examined Plaintiff, ordered an r-ray, and prescribed pain medication. However, Defendant Afra failed to follow-up on Plaintiff's x-rays. Plaintiff was then transferred to another facility because Defendant Afra failed to place a medical hold on Plaintiff.

Plaintiff seeks monetary damages and punitive damages.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Eighth Amendment Claims

Plaintiff appears to claim two separate violations of the Eighth Amendment. Plaintiff claims that Defendant Edgar was deliberately indifferent to the unreasonable risk she created and that Defendant Afra was deliberately indifferent to Plaintiff's serious medical condition.

3

1.  Falling Locker

Plaintiff alleges that Defendant Edgar was deliberately indifferent when she caused the locker to fall and hit Plaintiff.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities ." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff states that Defendant Edgar deliberately disregarded a risk to Plaintiff when she tilted the locker to look underneath it, causing it to fall and injury Plaintiff. As currently pleaded, it appears that Plaintiff is alleging negligence on the part of Defendant Edgar.

4

First, it does not appear that tilting a locker would create an excessive risk to Plaintiff's health or safety. Second, it does not appear that Defendant Edgar was deliberately indifferent to this risk as Plaintiff does not state that she was aware of the risk. Plaintiff's allegations amount at most to negligence, which fails to state an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

        2.      Medical Care

Plaintiff alleges that Defendant Afra failed to provide adequate medical care after he was injured by the falling locker.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

5

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that he was injured when a locker fell on him, that he was examined by Defendant Afra who also ordered x-rays and prescribed pain medication. Plaintiff

6

further alleges that Defendant Afra failed to follow-up on the x-rays and failed to place a medical hold on Plaintiff so he would not be transferred.

As currently pleaded, Plaintiff has failed to allege facts sufficient to show deliberate indifference to a serious medical need. Plaintiff has not set forth facts indicating that he was suffering from a serious medical injury or that Defendant Afra was indifferent to it. Plaintiff states that he was examined and received treatment. This, obviously, does not demonstrate deliberate indifference. He blames Defendant Afra for not following-up and for not placing a medical hold on him. However, Plaintiff does not state that Defendant Afra knew that Plaintiff was going to be transferred or that it was Defendant Afra's responsibility to place a hold on Plaintiff. Nor does Plaintiff state that Defendant Afra knew that the x-rays were ready for a follow-up or that it was his responsibility to schedule the follow-up appointment. Plaintiff fails to demonstrate indifference, deliberate or otherwise. Further, Plaintiff's allegations with respect to his back injury are too vague to allow the Court to determine whether Plaintiff had in fact suffered a serious medical injury.

The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim.

**B.    Prison Regulations**

Plaintiff appears to argue that both Defendants violated prison regulations. Plaintiff states that Defendant Edgar violated prison regulations by failing to write an incident report and failing to contact the medical department after the locker falling incident. Plaintiff states that Defendant Afra violated prison regulations by failing to schedule a follow-up and failing to place a medical hold on Plaintiff.

Allegations that a defendant violated a prison policy is not sufficient to state a

constitutional claim. See Tatum v. Harmon, 2010 WL 4813610, *1 (C.A.Ark. Nov. 29, 2010) (citing Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy)) . An alleged violation of prison regulations does not provide a basis for an independent cause of action under Section 1983, see, e.g. Moore v. Rowley, 126 F. App'x 759, 760 (8th Cir. 2005) (holding that violation of prison policy does not give rise to 42 U.S.C. § 1983 liability); Moore v. Schuetzle, 486 F.Supp.2d 969, 989 (D.N.D. 2007) ("In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a violation of prison policy."), and absent the promulgation of "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation,'" Plaintiff cannot state a claim against Defendants, and his claim is subject to dismissal. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to the falling locker incident.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-359-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   August 3, 2011

UNITED STATES MAGISTRATE JUDGE